IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| WILLIAM DAVID BURNSIDE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | No. 09-2727-JDT/tmp |
| | ) | |
| T. WALTERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER ADOPTING REPORT AND RECOMMENDATION
OF MAGISTRATE JUDGE
GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT
AND
ORDER TO EFFECT SERVICE OF PROCESS

Magistrate Tu M. Pham has issued a report in this matter [DE# 33], recommending that Plaintiff's motion to amend his complaint be granted [DE#s 27, 29] and that Defendants be served with process. Plaintiff has filed objections to the report [DE# 36]. Plaintiff also seeks permission to file another amended complaint reflecting the claims that have survived dismissal. The filing of another amended complaint is unnecessary in that the amended complaint and this order will be served on Defendants. Therefore, permission is denied.

Plaintiff objects to the statement of facts as set forth in the report and disputes certain facts contained therein. The facts in the report were set out <u>only</u> for the purpose of deciding whether Plaintiff's proposed amended complaint states viable claims. The statement of facts is not binding on the court, and the parties will be allowed to present their own statement of

facts with supporting evidence at the proper time. Therefore, this objection is without merit.

Plaintiff also objects to the treatment of the claims against Defendants Puljic and the YMCA brought under 42 U.S.C. § 1983. He contends that the corrected amended complaint adequately states a conspiracy claim between these Defendants and Defendant Police Officers. Having reviewed the record and the controlling case law, the court agrees with the Magistrate Judge's decision and ADOPTS the report and recommendation of Magistrate Judge Pham for the reasons set forth in his order.

Plaintiff's motion to amend the complaint is GRANTED to the extent that he will be allowed to proceed against Defendants as follows:

Federal Claims

The allegations brought pursuant to 42 U.S.C. § 1983 against Officers Walters, Hicks, and Montgomery in their individual capacities are sufficient to state a claim upon which relief can be granted.

The allegations brought pursuant to 42 U.S.C. § 1983 against the City of Memphis for failure to train its employees is sufficient to state a claim upon which relief can be granted.

The allegations brought pursuant to 42 U.S.C. § 1983 against Puljic and the YMCA do not state a claim upon which relief can be granted and are, therefore, dismissed.

State Law Claims

The claims of "filing a knowingly false affidavit" against Officer Walters pursuant to Tenn. Code Ann. § 39-16-703 and "inducing another to make a false statement constituting perjury" against Puljic pursuant to Tenn. Code Ann. § 39-16-705 are dismissed because there

is no private right of action under these criminal statutes.

For that same reason, the claims for assault under Tenn. Code Ann. § 39-13-101, false imprisonment under Tenn. Code Ann. § 39-13-302, official misconduct under Tenn. Code Ann. § 39-16-402, and official oppression under Tenn. Code Ann. § 39-16-403 against Officers Walters, Hicks, and Montgomery in their individual capacities are dismissed. However, the state tort claims of assault and false imprisonment against Officers Walters, Hicks, and Montgomery may proceed.

Claims based on violations of Tennessee's version of the Uniform Residential Landlord and Tenant Act ("TURLTA") against Puljic and the YMCA are sufficient to state a claim for relief.

Claims for criminal trespass under Tenn. Code Ann. § 39-14-405, vandalism under Tenn. Code Ann. § 39-14-408, theft of property under Tenn. Code Ann. § 39-14-103, and destruction of valuable papers with intent to defraud under Tenn. Code Ann. § 39-14-130 against Puljic and the YMCA are dismissed. However, the amended complaint sufficiently states claims of trespass and conversion in tort against Puljic and the YMCA.

The amended complaint states a tort claim of malicious prosecution against Puljic and the YMCA.

The amended complaint states claims of intentional infliction of emotional distress, or, in the alternative, negligent infliction of emotional distress, against Puljic and the YMCA.

Order to Issue and Effect Service

It is ORDERED that the Clerk shall issue process for Defendants and deliver said

process to the marshal for service. Service shall be made on the individual defendants either by mail pursuant to Rule 4(e)(1) and Tenn. R. Civ. P. 4.03 and 4.04(10) or personally pursuant to Rule 4(e)(2) if mail service is not effective. All costs of service shall be advanced by the United States.

It is further ORDERED that Plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendants, or on defendants if they have no attorney. Plaintiff shall make a certificate of service on every document filed. Plaintiff shall promptly notify the Clerk of any change of address or whereabouts. Failure to comply with these requirements, or any other order of the Court, may result in the dismissal of this case without further notice.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE