# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM DAVID BURNSIDE,** | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 09-cv-2727-JDT-tmp |
| **T. WALTERS, et al.,** | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the court are the motions for withdrawal of the application for entry of default against the City of Memphis ("City") and Cynthia Puljic, filed by plaintiff William David Burnside on December 2 and 3, 2014. (ECF Nos. 61, 62.) The undersigned entered a report and recommendation on August 29, 2014, recommending that the Clerk be directed to issue and effect service of process upon all defendants named in Burnside's amended complaint. (ECF No. 33.) The district judge entered an order adopting those recommendations on September 26, 2014. (ECF No. 37.) The summonses were returned executed as to the City and Puljic, showing that service had been effected on October 7, 2014. (ECF No. 41.) On November 28, 2014, Burnside filed a motion for entry of default against the City and Puljic, asserting that the time limit for the City and Puljic to appear

or respond had expired.  (ECF No. 55.)  The Clerk entered default against the City and Puljic on December 1, 2014.  (ECF No. 56.)

On December 2 and 3, 2014, Burnside filed motions requesting to withdraw his previous motion for entry of default against the City and Puljic.  (ECF Nos. 61, 62.)  Burnside asserts that counsel for both the City and Puljic have contacted him to tell him that they are representing and defending the City's and Puljic's interests in this case.  Burnside states that his "wish is to try the case on the merits and welcomes [the City and Puljic] to this action."  (ECF No. 61 at 1, No. 62 at 1.)

Because the Clerk has already entered default against the City and Puljic, the court must determine whether to set aside the entry of default.  Under Federal Rule of Civil Procedure 55(c), the court may set aside an entry of default for "good cause shown."  Fed. R. Civ. P. 55(c).  The court should consider whether: (1) plaintiff will be prejudiced; (2) defendant has a meritorious defense; and (3) defendant's culpable conduct led to the default.  United States v. Goist, 378 F. App'x 517, 519 (6th Cir. 2010) (citing Berthelsen v. Kane, 907 F.2d 617, 620 (6th Cir. 1990); Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 192 (6th Cir. 1986)); United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 844 (6th Cir.

1983). As to the first factor, there is no prejudice to the plaintiff in this case, as Burnside has requested to withdraw his application for the entry of default and stated his desire to try the case on the merits. As to the second factor, the court is not yet aware of any meritorious defenses of the defendants, as they have not yet filed an answer. Finally, the third factor in the 55(c) analysis is the culpability of the defendants' conduct. "[I]n the context of Rule 55(c), mere negligence or failure to act reasonably is not enough to sustain a default." $22,050.00 U.S. Currency, 595 F.3d at 327. "[I]t is not absolutely necessary that the neglect or oversight offered as reason for the delay in filing a responsive pleading be excusable." Shepard Claims Serv., Inc., 796 F.2d at 194. Instead, for the defendant to be deemed culpable for the default, he "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on judicial proceedings." Thompson v. Am. Home Assur. Co., 95 F.3d 429, 433 (6th Cir. 1996) (citations omitted). The court cannot find from the present record that the City or Puljic displayed either an intent to thwart judicial proceedings or a reckless disregard for the effect of their conduct on judicial proceedings. In fact, since the entry of default, the court has granted the City's and Puljic's unopposed motions for

an extension of time to file an answer or responsive pleading (up to January 9, 2015). (ECF No. 60.)

For the reasons above, it is recommended that Burnside's motions be granted and that the court vacate the entry of default against defendants the City of Memphis and Cynthia Puljic.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

December 9, 2014
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY=S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. ' 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**