IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| **WILLIAM DAVID BURNSIDE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-CV-2727-JDT-tmp |
| | ) | |
| **T. WALTERS, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

_____

**REPORT AND RECOMMENDATION**
_____

Before the court is the Motion to Dismiss filed by defendants Memphis Police Department ("MPD") Officers Thomas Walters, Shawn Hicks, and Bobby Montgomery, on February 18, 2015. (ECF No. 81.) On March 9, 2015, plaintiff William David Burnside requested an extension of time to respond to the motion to dismiss. (ECF No. 84.) The court granted that motion and gave Burnside until April 17, 2015, to respond to the motion to dismiss. (ECF No. 86.) Burnside again requested an extension of time to respond on May 21, 2015. (ECF No. 96.) The court granted that motion and allowed Burnside through June 12, 2015, to respond to the motion to dismiss. (ECF No. 97.) To date, Burnside has not responded to the present motion to dismiss.

**I.    PROPOSED FINDINGS OF FACT**

**A.    Complaint & Amended Complaint**

On November 6, 2009, William David Burnside, a non-prisoner plaintiff who resides in Batesville, Arkansas, filed a *pro se* complaint pursuant to 42 U.S.C. §§ 1983, 1985, and 1986, as well as alleging state law claims against MPD Officers "T. Walters," "Hicks," and "Montgomery" in their official and individual capacities; Cynthia Magellon Puljic, the Executive Director of the Alfred D. Mason YMCA; the YMCA of Memphis & Mid-South; and various unnamed John Doe defendants. The Statement of Claim portion of the complaint alleged, in its entirety, as follows:

> The defendants individually, severally and/or jointly did willfully, maliciously and/or negligently knowingly provide false, erroneous and/or misleading information that led to plaintiff's warrantless arrest without probable cause and defendants individually, severally and/or jointly knowingly did willfully, maliciously and/or negligently fail to intervene to prevent such arrest and did so cause plaintiff to be subject to:
>
> a. Wrongful arrest
> b. False imprisonment
> c. Deprivation of liberty
> d. Malicious prosecution
> e. Indifference to Medical Needs
> f. Defamation of Character
> g. Invasion of Privacy
> h. Physical, Mental and Emotional Distress
> i. Physical Illness

(ECF No. 1 at 2.) Burnside also attached as an exhibit to his complaint the Affidavit of Complaint that was sworn to by Officer Walters and which provided the probable cause to issue the arrest warrant for Burnside. (ECF No. 1 at 4.) The court

dismissed the original complaint *sua sponte* for failure to state a claim upon which relief may be granted.[1]

On September 26, 2014, the court granted Burnside leave to amend his complaint and specified which of Burnside's claims would be allowed to proceed. (ECF No. 37, at 2-3.) Against MPD Officers Walters, Hicks, and Montgomery, the court allowed Burnside to bring claims under 42 U.S.C. § 1983 and state tort claims of assault and false imprisonment. Against the City, the court allowed Burnside to bring claims under § 1983 for failure to train its employees. Against Puljic and the YMCA, the court allowed Burnside to bring a claim under Tennessee's version of the Uniform Residential Landlord and Tenant Act ("TURLTA"), and state tort claims of trespass, conversion, malicious prosecution, intentional infliction of emotional distress, or in the alternative, negligent infliction of emotional distress. The court then ordered the Clerk to issue process and deliver said process to the Marshal for service on defendants. Summons was returned executed as to Officers Hicks, Walters, and Montgomery on February 2, 2015. (ECF No. 75.)

Unlike the original complaint, the amended complaint contains numerous factual allegations. In summary, the amended complaint alleges that on and before November 9, 2008, Burnside

---

[1]The entire procedural history of this case can be found in the August 29, 2014 report and recommendation and will not be repeated here.

rented apartment 205 at the Alfred D. Mason YMCA, located at 3548 Walker Avenue in Memphis, Tennessee. (ECF No. 29-5, Am. Compl. ¶¶ 13, 20.) On the morning of November 9, 2008, Burnside received a phone call on his cell phone from his mother, Clara Lee Matthews. (Id. ¶ 36.) During the call Burnside mentioned that he had severe numbness in his right arm and indicated that he might be experiencing a mild stroke. (Id.) The battery on his cell phone then went dead, causing the call to be disconnected. (Id.) Matthews attempted to call Burnside back, but was unable to contact him. (Id. ¶ 39.) Fearing a medical emergency, Matthews called the Memphis Fire Department, resulting in officers from the Memphis Police Department being dispatched to the YMCA. (Id. ¶¶ 40-42.) Matthews told the emergency operator that her son was a fifty-one year old male with serious health issues. (Id. ¶ 43.) Cynthia Magellon Puljic, the Executive Director of the Alfred D. Mason YMCA, was familiar with both Burnside and Matthews, and the YMCA was familiar with Burnside's health conditions. (Id. ¶¶ 43-44.) Officers Walters, Hicks, and Montgomery arrived at the YMCA sometime between 11:33 a.m. and 11:44 a.m., and, along with Puljic and YMCA staff, spent approximately one hour searching seventy apartments looking for a possible victim of a stroke. (Id. ¶¶ 45-46.) During their search, the group knocked on Burnside's door and inquired if he was in need of medical help,

to which he responded "no." (Id. ¶ 47.) Later, the group knocked on Burnside's door again and asked him for his name. (Id. ¶ 52.) Burnside responded that his name was David Burnside, at which point officers entered Burnside's home and placed him under arrest for making a nonemergency 911 call. (Id. ¶¶ 52, 54.) The officers then brought Burnside before Judicial Commissioner Michael Cross to obtain an arrest warrant. (Id. ¶ 78.) Officer Walters told the Judicial Commissioner that Burnside had made a nonemergency 911 call and that the YMCA had advised that Burnside had falsely called 911 in the past. (Id. ¶ 78.) The arrest warrant was issued shortly before 2:00 p.m. (Id. ¶ 81.) Burnside was then taken to the Shelby County Correctional Center located at 201 Poplar Avenue in Memphis, Tennessee, where he was booked for the offense of making a 911 call in a nonemergency situation. (Id. ¶ 82.) Burnside remained at the Shelby County Correctional Center from sometime around 2:00 p.m. on November 9 until approximately 2:00 a.m. on November 19, at which time he was released after a *nolle prosequi* was entered. (Id. ¶ 83.) When he was released, Burnside returned to his YMCA residence to find that he had been evicted by Puljic and YMCA staff without any notice or eviction proceeding, and that all his belongings had been gathered and prepared for the trash. (Id. ¶ 97.)

**B. Motion to Dismiss**

In their motion to dismiss, the MPD officers argue that all of Burnside's claims against them are barred by the applicable statutes of limitations. The officers assert that Burnside's amended complaint is untimely and does not relate back to the date of the filing of the original complaint under Federal Rule of Civil Procedure 15(c) "because the applicable notice component has not been met" as to the officers. The officers argue that Burnside failed to serve them within 120 days from the filing of the original complaint. They state, "In fact, Defendant Officers never had notice of Plaintiff's allegations against them until they received service of his Amended Complaint on January 6, 2015, over five years after Plaintiff filed his original Complaint. Since Defendant Officers had no knowledge of the allegations contained in the original Complaint, the Amended Complaint fails to meet the criteria for relation back set forth in Fed. R. Civ. P. 15(c)."

## II. PROPOSED CONCLUSIONS OF LAW

Actions under § 1983 are governed by state statutes of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 269 (1985). Actions for personal injuries in Tennessee have a one-year limitations period. Tenn. Code Ann. § 28-3-104(a); see also Moore v. Potter, 47 F. App'x 318, 320 (6th Cir. 2002) ("The appropriate statute of limitations for personal injury actions arising in Tennessee and brought under the

federal civil rights statutes is one year.") (citations omitted). "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." Sevier v. Turner, 742 F.2d 262, 272 (6th Cir. 1984) (citations omitted). "The statute of limitations commences to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." Id. at 273 (citations omitted). The applicable statutes of limitations for assault and false imprisonment are governed by Tennessee Code Annotated section 28-3-104(a)(1), which provides that all actions shall be commenced within one year after the cause of action accrues. See Tenn. Code Ann. § 28-3-104(a)(1). "Generally, a tort cause of action accrues when there has been a violation of a legally protected interest, and such a violation usually occurs when a tort is committed." West v. Starnes, No. 1:11-cv-84, 2011 WL 5434271, at *4 (E.D. Tenn. 2011).

All of Burnside's claims against the officers are based on the incidents and the arrest that took place on November 9, 2008. Burnside filed his original complaint on November 6, 2009, which was within the one-year statute of limitations for both his § 1983 and state tort claims. The amended complaint, as modified by the court in its September 26, 2014 order, was filed outside the one-year statutes of limitations. "Rule 15(c)

of the Federal Rules of Civil Procedure governs when an amended pleading 'relates back' to the date of a timely filed original pleading and is thus itself timely even though it was filed outside an applicable statute of limitations." Krupski v. Costa Crociere S. p. A., 560 U.S. 538, 541 (2010). Rule 15(c) provides in relevant part:

> **(c) Relation Back of Amendments.**
>
> **(1) When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
>
> **(A)** the law that provides the applicable statute of limitations allows relation back;
>
> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out — or attempted to be set out — in the original pleading; or
>
> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>
> **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

"[Rule 15(c)(1)(B)] does not define the scope of the terms "'conduct, transaction, or occurrence.'" U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc., 501 F.3d 493, 516 (6th Cir. 2007). "The Rule [] must be interpreted in light of the fundamental

tenor of the Rules, which is one of liberality rather than technicality." Coleman v. United Healthcare Servs., Inc., No. 2:12-CV-02156-JPM, 2013 WL 842596, at *7 (W.D. Tenn. Mar. 6, 2013) (quoting Hall v. Spencer Cnty., Ky., 583 F.3d 930, 934 (6th Cir. 2009)). An amendment relates back if the new claims constitute "added events leading up to the same injury" or "an added theory of liability for the same occurrence." Anderson v. Young Touchstone Co., 735 F. Supp. 2d 831, 835 (W.D. Tenn. 2010) (quoting Miller v. Am. Heavy Lift Shipping, 231 F.3d 242, 248-49 (6th Cir. 2000)).

Burnside named MPD Officers Hicks, Walters, and Montgomery in his original, timely filed complaint. The original complaint was titled "Complaint for Violation of Civil Rights Under 42 U.S.C. §§ 1983, 1985, & 1986" and also expressly listed "false imprisonment" as a cause of action. Moreover, the amended complaint's cause of action for assault is a claim that arises out of the conduct set out — or attempted to be set out — in Burnside's original pleading. See Coleman, 2013 WL 842596, at *7 (finding that plaintiff's amended complaint related back because new claim "merely asserted a new legal theory arising out of the same occurrence as asserted in the original complaint"); MidLand Funding LLC v. Brent, 644 F. Supp. 2d 961, 974 (N.D. Ohio 2009) (finding that amendment related back because new facts and claims were additional "events leading up

to the injury" that was alleged in the original complaint). Under Rule 15(c)(1)(B), Burnside's amended complaint relates back to the filing of his original complaint, and therefore the amended complaint's claims against the officers are not untimely.

## III. RECOMMENDATION

For the reasons above, it is recommended that the officers' motion to dismiss be denied.

Respectfully submitted,

s/ Tu M. Pham  
TU M. PHAM  
United States Magistrate Judge

August 6, 2015  
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**