IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| WILLIAM DAVID BURNSIDE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| VS. | ) | No. 09-2727-JDT-tmp |
| T. WALTERS, ET AL., | ) | |
| Defendants. | ) | |

ORDER OVERRULING OBJECTION AND
ADOPTING RECOMMENDATIONS TO DENY MOTION FOR
SUMMARY JUDGMENT AND MOTIONS TO DISMISS

On January 9, 2015, Defendants Cynthia Magellon Puljic and YMCA of Memphis and the Mid-South filed a document styled both "Answer" and "Motion to Dismiss." (ECF No. 70.) Also on January 9, 2015, the Defendant City of Memphis filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 71.) Defendants Hicks, Montgomery and Walters, who are Memphis Police Officers, filed a motion to dismiss pursuant to Rule 12(b)(6) on February 18, 2015. (ECF No. 80.) The *pro se* Plaintiff, William David Burnside, responded to the motion to dismiss filed by Puljic and the YMCA (ECF No. 87), but he did not respond to the Officers' motion. With regard to the City's motion for summary judgment, Plaintiff filed a Rule 56(d) motion for discovery (ECF No. 88), which U.S. Magistrate Judge Tu M. Pham granted on August 5, 2015 (ECF No. 99).

Also on August 5, 2015, Magistrate Judge Pham issued a Report and Recommendation ("R&R") in which he recommended the City's motion for summary judgment be denied without

prejudice to re-filing after discovery is complete. (ECF No. 100.)[1] On August 6, 2015, the Magistrate Judge issued two additional R&Rs, recommending denying the Officers' motion to dismiss on the merits (ECF No. 101) and denying the motion filed by Puljic and the YMCA without prejudice. Objections to all three R&Rs were due on or before August 24, 2015.

No objections have been filed to the recommendation that the motions to dismiss be denied. Therefore, the Court ADOPTS those R&Rs. The motion to dismiss filed by Defendants Puljic and the YMCA is DENIED without prejudice, and the motion to dismiss filed by Defendants Hicks, Montgomery and Walters is DENIED on the merits. (ECF Nos. 70 & 80.)

The City filed an objection to the R&R recommending denial of the motion for summary judgment (ECF No. 104), suggesting that the Court should merely defer a ruling until discovery is complete. The City asserts that a great deal of time and resources were expended preparing and filing the motion, which would have to be duplicated if the motion is denied at this time and re-filed later. The City also asserts that deferral of a ruling on the motion for summary judgment will obviate the need to file an answer to the lengthy amended complaint.

While the City's suggestion is not unreasonable, the Court notes that it is possible that issues raised in the motion for summary judgment could be narrowed or clarified during the course of discovery, making it necessary to file supplemental materials even if the motion were to remain pending. Furthermore, if the City does merely re-file the same motion and memorandum, it will take little additional time. The Court will not require the City to re-file all of the affidavits and exhibits along with any new motion, but will allow the City to cite to the materials already filed as

---

[1] The Magistrate also ruled that the complaint did not contain any claims against the City arising under Tennessee law; therefore, the City's argument with regard to such claims was moot. (*Id.* at 2.)

attachments in docket entry 71. Unless the Court specifically orders otherwise, the City also may defer filing an answer to the amended complaint until the Court rules on any further motion for summary judgment.

The City's objection is overruled, and the motion for summary judgment (ECF No. 71) is DENIED without prejudice to re-filing after the Plaintiff has had an opportunity for discovery.

IT IS SO ORDERED.

                                                  s/ **James D. Todd**
                                                  JAMES D. TODD
                                                  UNITED STATES DISTRICT JUDGE